UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

WOODWARD STUCKART, LLC; CRAIG                    2:11-cv-00322-SU
WOODWARD; LUCY WOODWARD; and                     2:11-cv-00323-SU
MICHAEL WOODWARD,

Plaintiffs,

                                                  OPINION AND ORDER ON
v.                                          PLAINTIFFS' MOTION TO COMPEL

THE UNITED STATES,

Defendant.

_____

COLE BROTHERS, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

_____

SULLIVAN, Magistrate Judge:

        Plaintiffs Woodward Stuckart, LLC, Craig Woodward, Lucy Woodward, Michael Stuckart,

Page 1 - OPINION AND ORDER

and Cole Brothers, Inc. (collectively, "plaintiffs"), bring this consolidated action alleging negligence by defendant United States, through the Department of Agriculture and the Forest Service ("defendant"), in violation of the Federal Tort Claims Act, 28 U.S.C. § 2671.  Currently before the court are plaintiffs' motions to compel discovery.[1]  I heard oral argument on May 15, 2012, and issued a minute order partially granting plaintiffs' motions.  The reasoning underlying my ruling is outlined below.

## **STANDARDS**

The Federal Rules of Civil Procedure establish a liberal framework for obtaining discovery. Fed. R. Civ. P.  26; *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).  Under Rule 26, a party may "obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P.  26(b)(1).  For purposes of discovery, the definition of relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Consistent with the liberal notice pleading standards, "discovery is not limited to issues raised in the pleadings, for discovery itself is designed to help define and clarify the issues." *Id.*

Jurisdictional discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008), *cert. denied*, 555 U.S. 1171

---

[1]  These cases are consolidated for the limited purpose of determining jurisdiction. Plaintiffs have filed identical motions to compel, appearing as docket numbers 37 (*Woodward*) and 36 (*Cole Brothers*).

(2009) (quoting *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)).

### **DISCUSSION**

Plaintiffs bring this action pursuant to the Federal Tort Claims Act, alleging negligence arising from defendant's actions in managing a forest fire ("the Bridge Creek Fire") in the Ochoco National Forest. Pl.'s Compl. ¶ 2. The Bridge Creek Fire ignited on August 7, 2008, approximately two miles from the Ochoco National Forest's boundary with private timber land. *Id.* at ¶¶ 2, 10. The Forest Service resolved to manage the fire for resource benefit, characterizing it as a Wildland Fire Use ("WFU") fire. *Id.* at ¶¶ 11, 13. After burning for several days, the Bridge Creek Fire eventually crossed onto private land, including land owned by plaintiffs, and caused significant damage to timber, land, pastures, and fences on plaintiffs' property. *Id.* at ¶ 10. Plaintiffs allege that defendant had the responsibility to manage and suppress the Bridge Creek Fire and, by failing to follow certain mandatory procedures, defendant breached its duty of care; therefore, plaintiffs allege, defendant is liable for the damage sustained by plaintiffs as a result of the Bridge Creek Fire. *Id.* at ¶¶ 70-72.

On September 13, 2011, defendant moved to dismiss this case for lack of subject matter jurisdiction, arguing that the actions of the Forest Service fall within the discretionary function exception of the Federal Tort Claims Act. Def.'s Mot. to Dismiss at 2. On November 10, 2011, this Court ordered plaintiff to propound jurisdictional discovery regarding production of documents, individuals, and questions for individuals to the government. Pursuant to that order, on November 18, 2011, plaintiffs served defendant with a First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions; following a telephonic conference between the parties,

plaintiffs served a Second Set of Interrogatories and Requests for Production on January 20, 2012. Joint Status Report at 2.

Plaintiffs contend that defendant's answers to certain interrogatories and requests were "incomplete or evasive" and, in addition, defendant refused to allow plaintiff to depose certain witnesses. Pls.' Mem. in Supp. of Mot. to Compel at 5. Plaintiffs now seek to compel certain interrogatory answers, documents, and deposition testimony. Specifically, plaintiffs seek to compel the following: (1) answers to interrogatories numbered 26-34; (2) certain documents responsive to interrogatory number 3 which were withheld under a claim of privilege; (3) certain documents created after August 17, 2008, relating to interrogatories numbered 3, 7, and 8; (4) answers to interrogatories numbered 14 and 15; and (5) deposition testimony of William Queen. Plaintiffs also seek their reasonable expenses in pursuing their motion.

A. <u>Plaintiffs' Motion to Compel</u>

    1. <u>Interrogatories Nos. 26-34</u>

Defendant declined to answer interrogatories 26-34 because plaintiffs have not obtained leave from this Court to serve more than 25 interrogatories, pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure. Rule 33(a)(1) provides that, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. R. 33(a)(1).

Plaintiffs, citing authority from the District of Massachusetts and Moore's Federal Practice, argue that in multiparty cases, each party may serve 25 interrogatories on each other party, contending that Rule 33 limits the number of interrogatories on a "per party" rather than "per side"

basis.  Defendant, citing authority from the District of Connecticut, the Southern District of New York, and the Northern District of Florida, rejects plaintiffs' "per party" argument on the ground that plaintiffs are only nominally separate parties and therefore a 25 interrogatories "per side" rule applies.[2]

Neither party cites to any Ninth Circuit or District of Oregon authority, and the Court is not aware of any, that resolves the "per party" and "per side" question as applied to Rule 33, and the Court declines to make such a ruling here.  Had plaintiffs requested leave of the Court to serve nine additional interrogatories on defendant, I would have granted such leave for plaintiffs to do so.  The nine additional interrogatories propounded by plaintiffs refer to a document titled "Bridge Creek Fire Synopsis," which was produced by defendant in response to plaintiffs' initial discovery requests; plaintiffs' interrogatories concerning the Synopsis seek to clarify issues surrounding the management of the Bridge Creek Fire as a WFU fire, which relates to defendant's discretionary function argument.  Given the broad construction of relevancy in matters of discovery, I find that plaintiffs' additional interrogatories may bear on, or reasonably lead to other matters that bear on, the discretionary function at issue in this case, which is the foundation for the parties' jurisdictional discovery.  Therefore, I grant plaintiffs' request for responses to interrogatories numbered 26-34.

2.  <u>Documents Responsive to Interrogatory No. 3, Withheld Under a Claim of Privilege</u>

Defendant has produced a privilege log for three documents that it has withheld under a claim of the "work product doctrine," pursuant to Federal Civil Procedure Rule 26.  Under Rule 26, "a party may not discover documents and tangible things that are prepared in anticipation of

---

[2]  Parties may be considered nominally separate when represented by a single attorney, when there is unity of action, or when there is a legal relationship between parties.  8B FED. PRAC. & PROC. CIV. § 2168.1 (3d ed.).

litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). When a party withholds otherwise discoverable information under a claim of work-product, the party must expressly make the claim and "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).

Here, defendant has identified three documents prepared by defendant or its representative which relate to how the United States should "prepare for and defend potential claims arising from the Bridge Creek Fire." Declaration of Gregory J. Miner ("Miner Decl."), Ex. 9 ("privilege log"). In its privilege log, defendant identified the date of the document's creation, the person who created the document, the person(s) who received the document, a description of the document, the privilege claimed, and the description of how the privilege applies. *Id.*

Plaintiff notes that the documents defendant claims to have created in anticipation of litigation are dated only a few days after the fire was extinguished, while plaintiffs did not file their administrative claims and their suit with this Court until nearly two years later; therefore, plaintiffs argue, those documents could not have been created "in anticipation of litigation." However, given the damage resulting from the Bridge Creek Fire, it is reasonable that defendant anticipated potential litigation arising from fire damage and began preparing certain documents in expectation of such possible litigation. Plaintiff also argues that the documents could not have been created in anticipation of litigation because there is no indication that the documents were prepared by or at the direction of a lawyer. By its very terms, however, Rule 26(b)(3) protects from discovery

Page 6 - OPINION AND ORDER

documents that are prepared in anticipation of litigation by a party or "its representative," which includes individuals other than attorneys. *See, e.g., Nelsen v. Green*, No. 08-CV-1424-ST, 2010 WL 3491360 at *3 (D. Or. Aug. 31, 2010) (finding documents created by a non-attorney to be work product protected by Rule 26(b)(3)).

To the extent that defendant claims as privileged documents regarding preparation for and defense of potential litigation arising from the Bridge Creek Fire, it has produced an appropriate privilege log pursuant to Rule 26(b)(5)(A)(ii) so that plaintiff may evaluate the claim of privilege. Further, defendant asserts that the documents "only refer to events that took place after action was taken to suppress the fire . . . [and] are not relevant to any jurisdictional facts regarding the discretionary function exception." Def.'s Response to Pls.' Mot. to Compel at 18-19. As discovery is limited at this point to the issue of this Court's jurisdiction and defendant has provided a proper privilege log in accordance with Rule 26(b)(5)(A)(ii), I deny plaintiffs' motion to compel documents withheld by defendant under a claim of the work-product doctrine. However, I will review the documents *in camera* to determine whether they contain any non-privileged information that refers to events taken prior to the beginning of suppression efforts and which may be relevant to the jurisdictional issue.

3. Documents Created After August 17, 2008, Relating to Interrogatories Nos. 3, 7, and 8

Plaintiffs seek to compel documents relating to interrogatories numbered 3, 7, and 8 which defendant may have withheld because such documents were created after August 17, 2008 - the date on which fire suppression began and the Bridge Creek Fire ceased to be managed as a WFU fire. Plaintiffs assert that defendant's response to its interrogatories "leaves the impression that Defendant could be withholding production of documents *created after* fire suppression began even if those

documents refer or relate to events that took place *before* such suppression began." Pls.' Mem. in Supp. of Mot. to Compel at 11 (emphasis in original).

Defendant concedes that it limited its response to the time period prior to when fire suppression began. Def.'s Resp. to Pls.' Mot. to Compel at 10. Nonetheless, defendant also asserts that "the United States is not aware of any communications (not already produced) that post-date WFU management that refer or relate to the Bridge Creek Fire during WFU management." *Id.* at 11. Regarding interrogatories numbered 3, 7, and 8, "the United States is not aware of any additional documents - regardless of the date of their creation - that are responsive but that have not been produced." *Id.* As discussed above, I will conduct an *in camera* review of the allegedly privileged documents that are responsive to interrogatory 3; should any of those documents relate to events that took place before suppression efforts began on August 17, 2008, I will order defendant to produce them. With regard to interrogatories 7 and 8, because the government has declared that the additional documents plaintiffs seek to compel as responsive do not exist, I deny as moot plaintiffs' motion to compel responses to interrogatories 7 and 8.

4. Interrogatories Nos. 14 and 15

Plaintiffs' interrogatories numbered 14 and 15 seek information about certain landmarks, including the North Point Tree/Lookout, the Pisgah Tree Lookout, and the Pisgah Lookout, seeking to differentiate between them and determine if any of the landmarks were designated for protected status. Plaintiffs contend that the landmarks "seemed to be significant to Defendant's required assessment of the risks associated with the Bridge Creek Fire and protective measures required to be taken before firefighting began." Pls.' Memo in Supp. of Mot. to Compel at 11. Defendant refused to respond to Interrogatories 14 and 15 on the grounds that such inquiries were irrelevant

to jurisdiction and the discretionary function exception; defendant agreed to revisit its response should plaintiffs produce authority indicating that a non-discretionary duty exists to protect historic objects under WFU fire management.

Although both parties discuss at length the obligation, or lack thereof, to protect historic objects during management of a WFU fire, that question is not properly before this Court on a motion to compel discovery. This Court entered an order to propound jurisdictional discovery, which requires the parties to consider the discretionary function exception as applied to the United States. Plaintiffs have proffered an argument that the information relating to historical landmarks may inform its understanding of the assessment of the risks and the protective measures taken before firefighting began, which may bear on its response to defendant's motion to dismiss for lack of jurisdiction. Pls.' Memo in Supp. of Mot. to Compel at 11. Given the liberal construction of relevancy, I find that the requested information may reasonably lead to the discovery of admissible evidence in this case. Therefore, I grant plaintiffs' motion to compel responses to Interrogatories 14 and 15.

5. Deposition Testimony of William Queen

In support of their motion to dismiss for lack of jurisdiction, defendants have submitted five declarations from various employees who were involved in the management of the Bridge Creek Fire. Plaintiffs seek to depose just one of these individuals, William Queen, who served as the Agency Administrator for the fire on August 16, 2008, before it escaped the national forest boundaries. Pls.' Memo in Supp. of Mot. to Compel at 14. Specifically, plaintiffs seek Queen's testimony about whether he completed the Periodic Assessments in accordance with the WFU procedure requirements. *Id*. Defendants respond that the information provided in Queen's

Page 9 - OPINION AND ORDER

declaration is sufficient since it discusses the factors he considered in managing the fire and completing the Periodic Assessments, which all concern the exercise of management discretion in managing the fire by completing the Periodic Assessments on August 15-17, 2008. Defs.' Memo in Resp. to Pls.' Mot. to Compel at16. Moreover, defendants contend that Queen would merely reiterate this testimony at deposition, and that no testimony that he could offer will change whether there is a federal statute, regulation, or policy that required the Forest Service to suppress the fire. *Id*. Plaintiffs argue that Queen's testimony is necessary to develop facts relevant to the performance of non-delegable duties, including the prescribed procedure regarding how and when Forest Service employees are required to make Periodic Assessments, which may bear on its response to the issues raised in defendant's motion to dismiss for lack of jurisdiction. Given the liberal construction of relevancy, I conclude that Queen's deposition testimony could reasonably lead to the discovery of admissible evidence. Consequently, plaintiffs' request to take the deposition of Mr. Queen is granted.

B.  Reasonable Expenses and Attorney Fees

Plaintiffs seek their reasonable expenses, including attorney fees, in bringing this motion to compel. Federal Civil Procedure Rule 37(a)(3)(B) empowers a propounding party to bring a motion to compel discovery responses if "a party fails to answer an interrogatory submitted under Rule 33[.]" Fed. R. Civ. P. 37(a)(3)(B)(iii). If the motion is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). I decline to award plaintiffs' attorney fees at this time.

## **ORDER**

I grant in part and deny in part plaintiffs' motions to compel (#37 in case 2:11-cv-00322-SU;

#36 in 2:11-cv-00323-SU) as follows:

> (1) Motion is granted with respect to some of the interrogatory responses. The government shall answer additional interrogatories #26-34 and submit privilege log and documents responsive to interrogatory #3 to the Court by June 14, 2012 for *in camera* inspection;

> (2) Motion for documents responsive to interrogatories #7 and #8 is denied as moot;

> (3) Motion regarding interrogatories #14 and #15 is granted, and responses due by June 14, 2012;

> (4) Motion regarding the deposition of Mr. Queen is granted;

> (5) Request for attorney fees is denied at this time.

After the parties have completed discovery, they shall notify the court.  Plaintiffs will then have 60 days to file a response to the Motion to Dismiss.  The government will have 30 days to reply to the Motion to Dismiss.  Oral Argument will be set upon completion of briefing

IT IS SO ORDERED.

DATED this 23rd day of May, 2012.


  /s/Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge