IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WOODWARD STUCKART, LLC,** *et al.*,<br><br>              Plaintiffs,<br><br>       v.<br><br>**THE UNITED STATES,**<br><br>              Defendant. | Case No. 2:11-cv-00322-SU<br>Case No. 2:11-cv-00323-SU<br><br>**OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in these two consolidated cases on April 9, 2013. Dkt. 72. Judge Sullivan recommends that Defendant's Motions to Dismiss (Dkt. 14 in Case No. 2:11-cv-00322-SU) and Dkt. 13 in Case No. 2:11-cv-00323-SU) be granted for lack of subject matter jurisdiction, based on the application of sovereign immunity. The Court agrees.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court

shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

## DISCUSSION

Plaintiffs timely filed objections to Judge Sullivan's Findings and Recommendation (Dkt. 80), to which Defendant responded (Dkt. 87), and Plaintiffs filed a reply (Dkt. 93). Plaintiffs object to Judge Sullivan's recommendation that the discretionary function exception to the waiver of sovereign immunity applies to the conduct involved in these cases and that the cases should be dismissed. The Court has reviewed *de novo* Judge Sullivan's Findings and Recommendation, as well as the briefing and new evidence submitted by the parties. The Court agrees with Judge Sullivan's reasoning and conclusion that the discretionary function exception to the waiver of sovereign immunity applies in these cases.

The facts of these cases are set out in Judge Sullivan's Findings and Recommendation. Briefly, these cases involve a lightning-caused fire in the Bridge Creek Wilderness that was

PAGE 2 – OPINION AND ORDER

allowed to burn naturally as a wilderness fire for approximately nine days until it suddenly escalated. Suppression efforts were unable to contain it within the wilderness area, and it burned Plaintiffs' properties. In their objections, Plaintiffs argue that Defendant was negligent in many of the decisions made in handling this fire, including designating the fire as a wilderness fire, maintaining that designation for approximately nine days, and making certain chain-of-command delegations and decisions, including determining the personnel managing the fire. As noted by Judge Sullivan, courts routinely find that the decisions of the United States relating to fighting forest fires are discretionary and subject to the discretionary function exemption to the waiver of sovereign immunity. Plaintiffs fail to show that the decisions in these cases are distinguishable in any meaningful way.

Plaintiffs submitted new evidence with their objections to the Findings and Recommendation. The Magistrate's Act permits a court to "receive further evidence" at its discretion. 28 U.S.C. § 636(b)(1); *see also United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the Circuit split on whether a district court must or may consider new evidence when reviewing *de novo* a magistrate judge's findings and recommendation, and concluding that a district "has discretion, but is not required" to consider new evidence). Here, Plaintiffs explain that they believed they would be able to submit additional briefing to the Magistrate Judge following oral argument, and the Court exercises its discretion to consider the new evidence. The new evidence, however, does not save Plaintiffs' claims.

The new evidence submitted by Plaintiffs is offered primarily to support their objection that the Magistrate erred in not finding that because the Fire Use Management Team ("FUMT") that arrived at the Bridge Creek Fire had a trainee Operations Section Chief, fire suppression must be implemented. Plf's Obj. at 16-19. The new evidence clarifies that the desired Operations

PAGE 3 – OPINION AND ORDER

Section Chief for an FUMT is an Operations Section Chief Type 2. This evidence does not, however, support Plaintiffs' argument that there is a genuine issue of fact[1] that if an FUMT does not have an Operations Section Chief Type 2, discretion is removed from the Forest Service in managing a fire as a wilderness fire and suppression activities must commence immediately. First, as discussed at length by Judge Sullivan, the directions described in the publications relied on by Plaintiffs are discretionary. F&R at 12-15. Second, the provisions cited by Plaintiffs do not mandate any particular response to a situation where the FUMT does not have an Operations Section Chief Type 2, let alone mandate that fire suppression must immediately begin.

For Plaintiffs' remaining objections, Plaintiffs cite to various clauses in Forest Service guidelines and other publications, emphasizing certain isolated language, to argue that the Forest Service personnel violated various "mandatory" provisions. Plaintiffs conclude that because of these provisions, the Magistrate Judge erred in applying the discretionary decision exemption because the Forest Service "simply had no authority (let alone discretion) to allow the Bridge Creek fire to continue burning." Obj. at 2. Dkt. 80.

The Court agrees with Judge Sullivan's reasoning and conclusion that Plaintiffs fail to create an issue of fact that the cited provisions are mandatory such that they remove the requisite discretion of Defendant in managing the fire, and more importantly, that any violation of the alleged "mandatory" provisions require that fire suppression must commence immediately and that the Forest Service can no longer manage the fire as a wilderness fire. F&R at 12-15. By way of example, Plaintiffs argue that the Magistrate Judge erred because there is an issue of fact as to whether the Agency Administrator signed the signature table each day of the fire. Plf's Obj.

---

[1] Judge Sullivan correctly applied the summary judgment standard in considering Defendant's factual attack on jurisdiction because in this case issues relating to jurisdiction and the underlying merits are intertwined. *See* F&R at 6.

at 11-12. Assuming without deciding that Plaintiffs raise such an issue of fact, they cite to no statutory or regulatory provision or other authority creating an issue of fact that any such failure by the Agency Administrator to sign the signature table requires the Forest Service to stop managing the fire as a wilderness burn and start suppression activities. *See* F&R at 20.

## CONCLUSION

The Court ADOPTS Judge Sullivan's Findings and Recommendation (Dkt. 72). Defendant's Motions to Dismiss (Dkt. 14 in Case No. 2:11-cv-00322-SU and Dkt. 13 in Case No. 2:11-cv-00323-SU) are GRANTED. These cases are dismissed.

**IT IS SO ORDERED**.

DATED this 30th day of September 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge